United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HOLLIE HANKS,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | **CIVIL ACTION NO. 4:15-CV-982** |
| | § | |
| **TJX INCENTIVE SALES INC,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Before the Court is the Motion for Summary Judgment filed by Defendant Marmaxx Operating Corp.[1] (Doc. No. 11.) Having considered the motion, response, reply, and applicable law, the Court finds that the motion must be granted.

**I.   BACKGROUND**

This is a premises liability case. The following facts are undisputed. Plaintiff Hollie Hanks slipped and fell while shopping at a TJ Maxx store in Humble, Texas, in August 2013. (Doc. No. 11-1 at 40.) She slipped in a puddle of dark brown liquid on the floor. (*Id.* at 52–53.) Next to the spill was a cup. The spill was about three feet in diameter and covered five light-colored laminate floor planks. (*Id.* at 28.) The liquid had ice cubes in it and did not have any marks indicating that a cart had been pushed over it or that someone had walked through it. (*Id.* at 30, 53–55.) Paula Cormier, the merchandise manager and manager on duty, would expect her employees to notice such a puddle. (Doc. No. 12-2 at 29.)

Ms. Hanks had been at the store for about thirty to forty-five minutes before she slipped. (Doc. No. 11-1 at 43.) She did not notice the puddle before slipping in it. (*Id.* at 52–53.) The puddle was located in the store's main aisle. Dana Davis, a dressing room attendant, was

---

[1] Defendant says that it is incorrectly named as "TJX Incentive Sales, Inc." in the complaint.

standing about fifteen feet away from the spill, facing the aisle. (*Id.* at 29–30.)

About five minutes before Ms. Cormier was told about Ms. Hanks's fall, she was called to the back office. (Doc. No. 12-2 at 21.) To get there, she walked down the main aisle. (*Id.*) She did not notice any spill.

Defendant's motion raises a single issue. Defendant argues that there is no evidence that it had constructive knowledge of a dangerous condition on its premises. In particular, Defendant contends that Ms. Hanks lacks any evidence as to how long the spill was on the floor. Ms. Hanks responds that three pieces of evidence create a genuine issue of material fact that precludes summary judgment. First, Ms. Hanks points to evidence that the spill was obvious. Second, Ms. Hanks emphasizes Ms. Davis's close proximity to the spill. Third, Ms. Hanks relies on the evidence that Ms. Davis lied to Ms. Cormier about the location and nature of the spill after Ms. Hanks fell. "Specifically, Ms. Davis told Ms. Cormier that the incident occurred in another area of the floor, and did not tell her about the spilled liquid where the incident actually occurred; in fact, she told her there was never a spill at all." (Doc. No. 12 at 2.)

## II.   STANDARD OF REVIEW

A motion for summary judgment should be granted if no genuine dispute as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those whose resolution "might affect the outcome of the suit under the governing law." *Willis v. Roche Biomedical Labs.*, 61 F.3d 313, 315 (5th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact, but it need not negate the elements of the nonmoving party's case. Fed. R. Civ.

P. 56(a); *Willis*, 61 F.3d at 315 (citing *Celotex*, 477 U.S. at 322–23); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). If the burden of proof at trial lies with the nonmoving party, the moving party may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met its burden, the nonmoving party must come forward with specific evidence that supports its claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Simply resting on the allegations in the pleadings will not suffice. Nor will this burden be satisfied "by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the nonmoving party, and it cannot make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255; *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### III.   LEGAL FRAMEWORK

Texas law governs this diversity suit. *See Austin v. Kroger Texas L.P.*, 746 F.3d 191, 198 (5th Cir. 2014). Under Texas law, "[t]he elements of a premises claim are:

(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;
(2) That the condition posed an unreasonable risk of harm;

>    (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>    (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury."

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

Constructive knowledge is a function of "proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). It is well-established that Texas law requires evidence "that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.* at 816. Texas courts have adopted this rule, referred to as the "time-notice rule," to keep owners from being strictly liable for dangerous conditions on their premises. *Id.*

### IV.    ANALYSIS

Ms. Hanks has not met her burden to produce temporal evidence as to when the spill appeared on the floor. The only evidence on this subject tends to favor Defendant. First, the spill was not on the floor when Ms. Cormier walked down the main aisle five minutes before she was notified about Ms. Hanks's fall. Second, the spill contained ice. Third, the spill did not have cart tracks or footprints in it.

Ms. Hanks attempts to overcome the lack of temporal evidence by relying on the strength of the evidence regarding proximity and conspicuity. However, Texas law is clear that evidence about longevity is mandatory. *See Reece*, 81 S.W.3d at 815. Ms. Hanks further relies on Ms. Davis lying to Ms. Cormier about the spill after Ms. Hanks fell. However, that evidence sheds no light on when the spill happened.

Requiring plaintiffs in slip-and-fall cases to produce temporal evidence is a harsh and demanding rule that applies even if the rule might be impossible for the plaintiff to satisfy. *Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703, 705 (Tex. Civ. App.—El Paso 1954, writ dism'd w.o.j.); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000). The *Gonzalez* decision illustrates how strictly Texas courts apply the time-notice rule. There, a jury found in favor of the plaintiff who had slipped on macaroni salad. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). However, the Texas Supreme Court reversed, finding insufficient circumstantial evidence regarding constructive notice. That evidence consisted of the plaintiff testifying that the macaroni salad was "'fresh,' 'wet,' 'still humid,' and contaminated with 'a lot of dirt'" and the plaintiff's daughter testifying that it "had footprints and cart track marks in it and 'seemed like it had been there a while.'" *Id.* The Court held that "the evidence that the macaroni salad had 'a lot of dirt' and tracks through it and the subjective testimony that the macaroni salad 'seemed like it had been there awhile' is no evidence that the macaroni had been on the floor long enough to charge [the defendant] with constructive notice of this condition." *Id.* at 938. With Ms. Hanks having produced even less evidence as to when the spill happened than did the plaintiff in *Gonzalez*, the Court is compelled to find in Defendant's favor.

V.   **CONCLUSION**

For the reasons given, the motion for summary judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 11th day of August, 2016.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5